Richard Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1072–91.

Court of Criminal Appeals of Texas,
En Banc.

March 1, 1995.

Michael B. Charlton (on appeal only),
Houston, for appellant.

Bill Turner, Dist. Atty., and Lisa Tanner,
Asst. Dist. Atty., Bryan, Robert Huttash,
State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

A jury convicted Appellant of involuntary manslaughter and assessed punishment at confinement for seven years. The conviction was affirmed. *Williams v. State,* 814 S.W.2d 163 (Tex.App.—Houston [14th] 1991). We granted discretionary review to determine whether the Court of Appeals erred by holding that juror note-taking is permissible despite the potential it creates for jury misconduct.

The Court of Appeals pointed out that in *Hollins v. State,* 571 S.W.2d 873 (Tex.Cr. App.1978), this Court was presented with the opportunity to absolutely ban jurors from using notes but stopped short of doing so. *Williams,* 814 S.W.2d at 165. The Court of Appeals then addressed various arguments against the practice, determined that the risks involved are not extraordinary or unavoidable, and concluded that note-taking is permissible under appropriate circumstances if proper instructions are given. *Id.* at 165–166.

Appellant argues that note-taking creates a potential for jury misconduct which can never be detected and proven because Tex. R.Crim.Evid. 606(b) prevents jurors from testifying in such a way as to impeach their verdicts.[1] Therefore, he concludes that a prophylactic rule banning all note-taking is necessary. He does not argue that the jury actually engaged in misconduct in this case.

This Court recently addressed this issue in *Johnson v. State,* 887 S.W.2d 957 (Tex.Cr. App.1994) and *Price v. State,* 887 S.W.2d 949 (Tex.Cr.App.1994). This Court held that note-taking is not prohibited and affirmed the trial courts' rulings permitting the jurors to take notes and use them during deliberations. In *Price,* we suggested that the trial court can avoid any potential risks by evalu-

---

1. Rule 606(b) provides:

   **(b) Inquiry into validity of verdict or indictment.**
   Upon inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's

   mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify as to any matter relevant to the validity of the verdict or indictment. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

ating the jury's need to take notes in each case, informing the parties in advance that note-taking will be allowed, and carefully instructing the jury both at the time it is empaneled and in the jury charge. *Id.* at 954–55.

Although the Court of Appeals did not have the benefit of our opinions in *Price* and *Johnson,* it correctly held that note-taking is not prohibited. Accordingly, the judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.

MALONEY and MEYERS, JJ., dissent.

