NO. 07-02-0345-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 29, 2003



______________________________




HERIBERTO RAMIREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13736-0005; HONORABLE ED SELF, JUDGE





_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON MOTION TO INSPECT AND COPY JUROR'S NOTES


 By his "Motion to Inspect and Copy Notes Made by Members of the Jury," appellant
requests that we permit him to inspect and copy notes made by jurors during his trial that
were sealed and included in the clerk's record. Based upon the rationale expressed
herein, the motion is overruled.

 On July 31, 2002, appellant was convicted by a jury of aggravated sexual assault
and punishment was assessed at 50 years confinement. After appellate counsel was
appointed and this appeal was timely perfected, on September 2, 2002, counsel filed a
"Motion to Review and Copy Sealed Records" in the trial court by which he requested
permission to review and copy records that were sealed alleging a necessity for "access
in order to prosecute the appeal in this cause." By the pending motion, counsel asserts
that access to the juror's notes may provide the basis for potential claims of ineffective
assistance of trial counsel and jury misconduct. Also, counsel acknowledges that an
adverse ruling to his September 2 motion does not appear in the record, although a
proposed order was provided to the trial court. We recognize that Rule 33.1(a)(2)(A) of the
Texas Rules of Appellate Procedure provides for an implicit ruling on a motion. See
Gutierrez v. State, 36 S.W.3d 509, 511 (Tex.Cr.App. 2001). The record must show that
a motion was called to the attention of the trial court to preserve a complaint for review. 
Tex. R. App. P. 33.1(a)(1); see also Carranza v. State, 960 S.W.2d 76, 78-79 (Tex.Cr.App.
1998). The record before us does not demonstrate that appellant's September 2 motion
was presented to the trial court. Accordingly, appellant's complaint is not preserved for
review.

 Moreover, although a motion for new trial and hearing thereon is not always a
requisite to raise a point on appeal, where a question of potential jury misconduct is
presented, but the evidence is not otherwise fully shown by the record, a motion for new
trial becomes essential. Tex. R. App. P. 21.3(c), (d), (f) and (g); see Williams v. State, 893
S.W.2d 549, 550 (Tex.Cr.App. 1995) (en banc) (holding that permitting jurors to take notes
is not prohibited notwithstanding Rule 606(b) of the Texas Rules of Evidence); see also
Baxter v. State, 66 S.W.3d 494, 505 (Tex.App.--Austin 2001, pet. ref'd).

 By letter dated May 2, 2003, appellant's motion for extension of time in which to file
his brief was granted to May 30, 2003. The Court sua sponte extends appellant's time to
file his brief to June 18, 2003, with the admonition that no further motions for extension of
time will be entertained. 

 Accordingly, appellant's motion to inspect and copy juror's notes is overruled.

 Per Curiam

Do not publish.