Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# OPINION

No. 04-11-00151-CR;
No. 04-11-00152-CR

David Lee **SEATON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009CR12105 & 2009CR12106
Honorable Sid L. Harle, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:   Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 15, 2012

AFFIRMED

Appellant David Lee Seaton was found guilty of manslaughter and aggravated assault by a public servant.  Seaton was assessed concurrent prison sentences of fifteen years for the manslaughter conviction and ten years for the aggravated assault conviction.  Seaton raises three issues on appeal: (1) he was improperly charged with and convicted of aggravated assault by a public servant, (2) the evidence was legally insufficient to support his conviction, and (3) the

trial court erred in overruling his motion for new trial for jury misconduct. We affirm the trial court's judgment.

## BACKGROUND

Officer Robert Davis was clearing an accident at the intersection of Hunt Lane and Potranco Road in San Antonio, Texas. Motorist Darrell Lampkin was waiting for a green arrow signal before making a left turn onto Hunt Lane from Potranco Road. When Lampkin entered the intersection, Lampkin's vehicle and Officer David Lee Seaton's patrol car collided. The violent collision propelled Seaton's patrol car into Officer Davis, causing Davis's death. Seaton and Lampkin were seriously injured.

Prior to the collision, Seaton received a dispatch of a reported shoplifting at a department store. Seaton informed the dispatcher that he would take the call. While in transit to the store, Seaton received confirmation that another officer was already on the scene watching the suspects. However, Seaton continued to speed to the store. Evidence at trial showed that Seaton did not activate his patrol car's emergency lights or siren and that his vehicle's speed exceeded one hundred miles per hour. Further evidence showed that at the time of the collision with Lampkin's vehicle, Seaton's traffic signal light was red, he did not apply his brakes before the collision, and his vehicle was traveling over ninety-nine miles per hour at the moment of impact.

Seaton was indicted for manslaughter and aggravated assault by a public servant. He pleaded not guilty. The jury found him guilty on both charges. He appeals the jury's verdict.

## ACTING UNDER COLOR OF A PUBLIC SERVANT'S OFFICE

Seaton contends he was improperly charged with and convicted of aggravated assault by a public servant. He argues that Texas Penal Code section 22.02, the statute under which he was indicted and convicted, was misapplied because he was not "acting under color" of his office.

**A. Standard of Review**

Whether the trial court misapplied section 22.02 of the Penal Code is a matter of statutory construction, reviewable de novo. *See Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). To interpret the statute, "we focus on the literal text of the statutory language in question, reading it in context and construing it 'according to the rules of grammar and common usage.'" *See id.* (quoting TEX. GOV'T CODE ANN. § 311.011(a) (West 2005)).

**B. Seaton Was Acting Under Color of His Office or Employment**

The offense of aggravated assault is a first degree felony if the offense is committed "by a public servant acting under color of the servant's office or employment." TEX. PENAL CODE ANN. § 22.02(b)(2)(A). Section 22.02 does not define "acting under color of the servant's office or employment." *See id.* § 22.02.[1] Thus, "it has not acquired a particular or technical meaning as used within this penal code section." *See Pettijohn v. State*, 782 S.W.2d 866, 868 (Tex. Crim. App. 1989). Therefore, we will construe the language according to its common usage unless it leads to an absurd result. *See* TEX. GOV'T CODE ANN. § 311.011(a); *Ramos v. State*, 303 S.W.3d 302, 307 (Tex. Crim. App. 2009). *Black's Law Dictionary* defines "color of office" as "[t]he authority or power that is inherent in an office, esp. a public office. Acts taken under the color of an office are vested with, or appear to be vested with, the authority entrusted to that office." BLACK'S LAW DICTIONARY 282 (8th ed. 2009).

At the time of the assault, Seaton was on-duty, wearing a San Antonio police officer uniform, driving a marked patrol car, and responding to a shoplifting call. Applying the facts to

---

[1] The State argues that the Penal Code defines the term in a different section of the Penal Code, and, therefore, the definition should be extended to section 22.02. *See* TEX. PENAL CODE ANN. § 39.03 ("For purposes of *this section*, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity." (emphasis added)). However, we will not extend the statutory definition in section 39.03 to section 22.02 because the legislature expressly limited the definition to section 39.03. *See Ex parte Ruthart*, 980 S.W.2d 469, 472 (Tex. Crim. App. 1998) ("We will not extend a definition beyond the chapter or article to which it is expressly limited."); *Luciano v. State*, 906 S.W.2d 523, 524 (Tex. Crim. App. 1995) (same).

the common usage of the statutory phrase, it is clear that Seaton was acting under color of his office or employment when his vehicle collided with Lampkin's vehicle. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(A). *See generally* BLACK'S LAW DICTIONARY 282 (8th ed. 2009). The trial court did not misapply section 22.02 of the Penal Code. Seaton's first point of error is overruled.

**LEGAL SUFFICIENCY**

Seaton next contends the evidence was legally insufficient to support the jury's verdict of manslaughter and aggravated assault by a public servant.

**A. Standard of Review**

In reviewing the legal sufficiency of the evidence in a criminal case, a reviewing court examines "the evidence in the light most favorable to the prosecution" and determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). We "defer to the jury's credibility and weight determinations." *Brooks*, 323 S.W.3d at 899; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979).

**B. The Offenses**

*1. Manslaughter*

A person commits manslaughter "if he recklessly causes the death of an individual." TEX. PENAL CODE ANN. § 19.04; *Stadt v. State*, 182 S.W.3d 360, 363 (Tex. Crim. App. 2005). "A person acts recklessly . . . when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL CODE ANN. § 6.03(c); *accord Stadt*, 182 S.W.3d at 363–64.

*2. Aggravated Assault by a Public Servant*

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1); *accord State v. Iduarte*, 268 S.W.3d 544, 546 n.1 (Tex. Crim. App. 2008). A person commits aggravated assault if he "commits assault as defined in § 22.01 and the person . . . causes serious bodily injury to another, . . . or . . . uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a); *see Iduarte*, 268 S.W.3d at 546 n.1.

## C. The Evidence Was Legally Sufficient

In challenging the legal sufficiency of his convictions, Seaton contests only the reckless and causation elements of the crimes. Seaton relies on the questionable credibility of the State's witness, Darrell Lampkin, to support his legal sufficiency challenge.

Lampkin's testimony was inconsistent regarding whether he had a left-protected turn arrow at the time he entered the intersection and collided with Seaton's vehicle. Lampkin testified, "My arrow was already done." He later testified that he made sure the arrow was green before turning because he saw Officer Davis and the other officer clearing the scene of an earlier accident. He also testified that he had a green arrow at the time he entered the intersection. Seaton points to Lampkin's criminal history as evidence of his untruthfulness. However, Lampkin's credibility was an issue for the jury to determine, and we will defer to that determination. *See Brooks*, 323 S.W.3d at 899; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04.

Even in the absence of Lampkin's testimony, there was sufficient evidence to support the jury's guilty verdicts. A motorist testified that Seaton was driving thirty or forty miles per hour over the posted forty-five miles per hour speed limit and that Seaton's overhead lights were not flashing and his siren was not activated. He stated that Seaton's traffic signal light was red as

Seaton drove through the intersection. Another witness confirmed that Seaton's traffic light was red. Other witnesses confirmed that Seaton's overhead emergency lights and siren were not activated when his vehicle collided with Lampkin's vehicle.

Additionally, a police officer testified that Seaton had a reputation for driving much faster than other officers to nearly every call. Other officers testified that they would speed in certain situations but would not drive one hundred miles per hour on Potranco Road. Officer Lisa Vasquez testified that the shoplifting call that Seaton was responding to was a Code 1—the lowest priority call. In response to a Code 1, an officer is not required to use his overhead lights or his siren. However, the officer must obey traffic laws and posted speed limits.

An information services employee testified that Seaton's patrol car was equipped with a system that regularly recorded his vehicle's speeds. The last reported speed prior to the collision was 102 miles per hour. An accident reconstructionist testified that at the moment of impact with Lampkin's vehicle, Seaton was traveling over ninety-nine miles per hour.

A rational juror could have inferred that Officer Seaton was aware of but consciously disregarded a substantial risk of causing serious bodily injury and death by failing to use his police cruiser's emergency lights and siren while driving at least ninety-nine miles per hour through a red light at an intersection where police were dealing with a prior accident. Likewise, a rational juror could have determined beyond a reasonable doubt that Seaton's reckless conduct caused Officer Davis's death and Lampkin's serious bodily injury. Thus, when viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that (1) Seaton recklessly caused the death of Officer Robert Davis and (2) Seaton was a public servant acting under color of his office or employment when he recklessly caused serious bodily injury to Lampkin. *See Jackson*, 443 U.S.

at 319; *Brooks*, 323 S.W.3d at 894–95; *see also* TEX. PENAL CODE ANN. §§ 19.04, 22.01, 22.02. Seaton's second point of error is overruled.

## JURY MISCONDUCT

Seaton contends the trial court erred in denying his motion for new trial based on jury misconduct. Attached to Seaton's motion for new trial were affidavits from several jurors. The court held a hearing on the motion, and Seaton called several jurors to testify. The State objected under Texas Rule of Evidence 606(b) that the testimony of the jurors was inadmissible. The trial court sustained the objections but allowed Seaton to elicit testimony in the form of a bill of exceptions. Seaton argues that four instances of jury misconduct require remand for a new trial: (1) the jury improperly considered the effect of parole on a sentence, (2) the jury foreperson took excessive hand written notes that she later used for a blog, (3) the foreperson looked up information about the case, and (4) the bailiff presented the jury with evidence not introduced at trial. We must first determine whether the evidence of jury misconduct was properly excluded because without such evidence there is no support for the motion for new trial.

### A. Standard of Review

An appellate court reviews a trial court's exclusion of evidence for an abuse of discretion. *Sells v. State*, 121 S.W.3d 748, 766 (Tex. Crim. App. 2003). "If the trial court's decision was within the bounds of reasonable disagreement we will not disturb its ruling." *Id.*

### B. Jury Misconduct

Generally, a juror may not testify about matters occurring during jury deliberation; however, a juror may testify about "whether any outside influence was improperly brought to

bear upon any juror." *See* TEX. R. EVID. 606(b).[2] Seaton argues the excluded evidence pertained to "outside influence" and therefore should have been admitted to support his motion for new trial. The State responds that the trial court properly excluded the evidence because it did not involve an outside influence. We turn to the excluded evidence to determine if it pertained to an outside influence.

Affidavits from the jurors and testimony elicited in the bill of exceptions reveal that Juror Paul explained to the jury that if Seaton was sentenced to less than ten years he might not have to serve any jail time. Jurors Cynthia and Peter testified that Juror Paul discussed his "personal experience" and his wife's experience with parole or probation from a different case. A juror's personal experience does not constitute an outside influence and is therefore not admissible. *See Easly v. State*, 163 S.W.3d 839, 842 (Tex. App.—Dallas 2005, no pet.) (noting that evidence of juror misconduct was incompetent where one juror returned after an overnight recess with a chart showing parole calculations, and holding that there was no outside influence where a juror conveyed to the jury information regarding parole issues that she had been told by her police officer friend); *see also* TEX. R. EVID. 606(b); *Fenoglio v. State*, 252 S.W.3d 468, 476–77 (Tex. App.—Fort Worth 2008, pet. ref'd). Because the evidence was inadmissible, the trial court did not abuse its discretion by excluding juror affidavits and testimony regarding discussion of parole laws.

Seaton also contends that Juror Pamela, the jury foreperson, committed misconduct by taking extensive notes that she later used in a blog. However, there was no evidence or testimony that she posted the blog before the jury issued its verdict; moreover, Juror Pamela's mere note taking was not jury misconduct and was not prohibited juror conduct. *See Williams v.*

---

[2] "[A] juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment." TEX. R. EVID. 606(b).

*State*, 893 S.W.2d 549, 550 (Tex. Crim. App. 1995) ("[N]ote-taking is not prohibited."). In fact, recent trends support jury note taking. *See* TEX. R. CIV. P. 226a, Approved Instruction II, ¶ 10 (permitting note taking and possibility of taking notes back to the jury room in civil cases). Because note taking does not constitute an outside influence, the trial court did not abuse its discretion by excluding evidence regarding Juror Pamela's note taking. *See Sells*, 121 S.W.3d at 766; *Williams*, 893 S.W.2d at 550.

Juror Cynthia stated in the bill of exceptions that Juror Pamela "looked up information about the case . . . . but never gave [the jury] details regarding it." Juror Cynthia did not provide any testimony about the content or subject matter of the extraneous information. When Juror Pamela was asked, "Before or during the trial had you looked up anything . . . about this case?" Pamela replied, "No, of course not. I wasn't allowed to." Nothing suggests that an outside influence was improperly brought to bear upon Juror Pamela or any other juror. *See* TEX. R. EVID. 606(b); *Drew v. State*, 76 S.W.3d 436, 460–61 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Because the record does not reflect the substance of any extraneous information or that the jury was provided such information by Pamela the trial court did not abuse its discretion in excluding such evidence.

Finally, Seaton contends the bailiff improperly provided the jury with evidence that was not admitted during trial. During the bill of exceptions, Juror Pamela stated, "We were standing outside in the hallway . . . and one of the jurors, Cynthia said, 'Why did [Seaton] hire these dummies [(i.e., defense counsel)]?' And [the bailiff] said, 'He had the best criminal attorney in the city and he fired him.'" Neutral statements from the bailiff not directed to the jury's specific deliberations or verdict do not constitute an outside influence. *See Rosell v. Cent. W. Motor*

*Stages, Inc.*, 89 S.W.3d 643, 661 (Tex. App.—Dallas 2002, pet. denied) (determining that a bailiff informing the jury it might need to stay an extra day was not an outside influence).

But even if the testimony was improperly excluded, such error was harmless. Rule 606(b) permits the court to consider evidence of an outside influence to determine if the outside influence affected the jury's verdict. *See* TEX. R. EVID. 606(b); *Lucero v. State*, 246 S.W.3d 86, 95 (Tex. Crim. App. 2008) ("We find it unnecessary to decide whether the jury foreman's Bible reading in this case was an 'outside influence,' because this record presents no 'reasonable grounds' that this Bible reading *affected* the jury's verdict." (emphasis added)). Thus, the trial court could reasonably conclude that such a comment had no effect on the jurors. Moreover, at the hearing on Seaton's motion for new trial, Juror Cynthia denied hearing any such comment from the bailiff; rather, she contended the comment was made by Juror Pamela. The bailiff was also questioned at the hearing and stated that he did not recall making the comment to any of the jurors. The trial court could have chosen to believe the bailiff made no such comment, and we will not invade the province of the fact finder. Thus, the trial court did not abuse its discretion in denying Seaton's motion for new trial. *See Thomas v. State*, 699 S.W.2d 845, 854 (Tex. Crim. App. 1985).

Because Seaton did not bring forth evidence of an outside influence, he failed to establish the trial court abused its discretion in excluding evidence of the jury deliberations. Even if there was some evidence of outside influence to support the admission of such evidence, the error in excluding such evidence was harmless as the evidence was conflicting and the trial court could have concluded that the comment could not affect the jury's verdict. Therefore, the trial court did not abuse its discretion in refusing to grant a new trial. We overrule Seaton's third point of error.

## CONCLUSION

David Lee Seaton was not improperly charged with or convicted of aggravated assault by a public servant. Further, the evidence was legally sufficient to support Seaton's convictions for manslaughter and aggravated assault by a public servant. Finally, the trial court did not abuse its discretion in excluding evidence of jury misconduct and by denying Seaton's motion for new trial. Accordingly, we affirm the trial court's judgment.

Rebecca Simmons, Justice

PUBLISH