

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00784-CR

Frank Cardona **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 22-2573-CR-C
Honorable Daniel H. Mills, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: November 20, 2024

AFFIRMED

In a single issue, appellant Frank Cardona Gonzales contends the trial court erred by denying his motion for new trial. The trial court held a hearing on Gonzales's motion for new trial based on jury misconduct, complaining jurors commented they would have preferred Gonzales testify to consider a not guilty verdict. Following a hearing, the trial court denied Gonzales's motion for new trial. We affirm.

**STANDARD OF REVIEW AND APPLICABLE LAW**

We review the denial of a motion for new trial for an abuse of discretion. *Najar v. State*, 618 S.W.3d 366, 371 (Tex. Crim. App. 2021); *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). An appellant bears the burden of proving the allegation of juror misconduct. *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000).

We acknowledge, as did the trial court, the seriousness of any suggestion concerning a juror's requirement that a defendant testify before a juror can consider a not guilty verdict. However, inquiry into a jury's deliberative process is prohibited absent certain exceptions. *See* TEX. R. EVID. 606(b); *see also Colyer v. State*, 428 S.W.3d 117, 123–24 (Tex. Crim. App. 2014) (explaining the history and purposes of rule 606(b) in protecting the jury's deliberative process); *State v. Gallien*, 631 S.W.3d 885, 895–96 (Tex. App.—Houston [1st Dist.] 2021, pet. ref'd) (providing further explanation of the purpose of rule 606(b) in limiting the role jurors could play in attacking the validity of a verdict but also in encouraging jurors to candidly discuss the case during deliberations). Specifically, during an inquiry into the validity of a verdict, a juror may not testify about any statement made or incident that occurred during jury deliberations, the effect of anything on any juror's vote, or any juror's mental processes concerning the verdict. *See* TEX. R. EVID. 606(b)(1). The only exceptions are if an outside influence was improperly brought to bear on any juror or to rebut a claim a juror was not qualified to serve. *See id.* 606(b)(2). An outside influence inquiry is limited to what occurs outside of the jury room and outside of the juror's personal knowledge and experience. *See McQuarrie*, 380 S.W.3d at 153.

**ANALYSIS**

Gonzales alleged in his motion for new trial "that the [j]ury, during their deliberations, considered factors that were against the law provided to the jurors in the jury charge." Namely,

Gonzales contended that after the jury returned its guilty verdict and during a conversation among his trial attorneys, the State, and jurors, "the [j]urors indicated to counsel for the [State] and [Gonzales], that in order to find [Gonzales] not guilty, the [j]urors needed to hear [Gonzales's] side of the story infringing upon his [Fifth] Amendment right under the U.S. Constitution."

In his trial brief, at the hearing, and on appeal, Gonzales acknowledges rule 606(b) prohibits an inquiry into the jury's deliberative process absent one of the exceptions. *See* TEX. R. EVID. 606(b). However, Gonzales maintains he is entitled to a new trial according to rule 21.3(g) of the Texas Rules of Appellate Procedure, because a "defendant must be granted a new trial, . . . when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial[.]" TEX. R. APP. P. 21.3(g).

Because no exception applies, the State argues rule 606(b)(1) not only prohibits the inquiry into the jury's deliberative process but also prohibits the trial court from receiving a juror's affidavit or testimony about the process. The State further argues rule 802 of the Texas Rules of Evidence precludes the admission of any hearsay statements from counsel regarding statements made by jurors in counsel's presence. *See* TEX. R. EVID. 802. Because Gonzales could not provide competent evidence to support his entitlement to a new trial, the State contends the trial court properly denied Gonzales's motion for new trial.

Recognizing rule 606(b) prohibits a trial court from receiving affidavits or testimony from any juror regarding the jury's deliberative process and acknowledging rule 802 precludes the admission of hearsay testimony from counsel about the jurors' statements, the trial court excluded evidence to support Gonzales's motion for new trial. *See* TEX. R. EVID. 606(b)(1), 802. However, after hearing the parties' arguments, Gonzales and the State each made an offer of proof. The trial court denied Gonzales's motion for new trial.

In his offer of proof, Gonzales claimed his trial attorneys would have testified as follows:

> After the jury reached its verdict, the two prosecutors, Courtney Hansen and Alexandra Zepeda, and the two defense attorneys, Adam J. Paltz and Zacery Munoz, conferred together with all twelve jurors concerning the trial of [Gonzales]. Between four and six of the twelve jurors stated that they would not have voted for a "not guilty" verdict for [Gonzales] unless they first heard his side of the story through his testimony. These statements from the four to six jurors [were] made in the presence of all four attorneys.

The State, on the other hand, provided a different account in its offer of proof, claiming its attorneys would have testified as follows:

> After the jury reached its verdict, Alexandra Zepeda, Courtney Hansen, Adam Paltz[,] and Zacery Munoz met with the twelve jurors in the jury room. One of the counsels for defendant asked the panel something along the lines of "what could we have done differently to reach a different outcome," and one of the jury panel stated[,] "I know we can't consider it, but I would have liked to hear from the defendant." One or more of the panel agreed with this sentiment. One of the jury panel stated that they had to rely on the evidence they had and that did not include the defendant's side of the story because it was not presented at trial. At no time did any of the jury panel state that the only way they could have found the defendant not guilty was to have heard from him.

While we do not support a juror's failure to follow instructions concerning a defendant's Fifth Amendment right to not testify, we conclude the trial court did not abuse its discretion by denying Gonzales's motion for new trial because Gonzales failed to prove, through admissible competent evidence, that the jury's verdict was a result of jury misconduct. *Compare Anderson v. State*, 665 S.W.3d 743, 758–60 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd) (affirming the trial court's quashing of juror subpoenas and disallowing counsel's testimony regarding counsel's conversations with jurors pursuant to rule 606(b) because defendant did not allege jurors were subjected to an outside influence or unqualified to serve), *and Seaton v. State*, 385 S.W.3d 85, 90–92 (Tex. App.—San Antonio 2012, pet. ref'd) (holding trial court properly excluded juror affidavits offered to prove jury misconduct under rule 606(b) because juror's personal knowledge about parole and probation did not constitute outside influence), *with McQuarrie*, 380 S.W.3d at

153 (holding trial court abused its discretion in excluding jurors' testimony and affidavits offered to prove outside influence when juror conducted internet research about effects of date-rape drugs).

## CONCLUSION

We overrule Gonzales's sole issue and affirm the trial court's judgment.

Irene Rios, Justice

DO NOT PUBLISH