OPINION OF THE COURT
Robert W. Coutant, J.
The question posed is whether one may be charged with felony assault when the underlying felony is the same assault. The answer is that one may not.
Defendant is charged in the first count with assault in the first degree (Penal Law § 120.10 [1]) in that, with intent to cause serious physical injury to one David Beam, he caused such injury to Beam by stabbing him with a knife. The second count charges assault in the first degree as a felony assault under Penal Law § 120.10 (4), alleging that he caused serious physical injury to Beam "during the course of and in furtherance of the commission or attempted commission of a felony assault upon” Beam.[1] It is conceded that the totality of alleged assaultive conduct occurred during one brief encounter between defendant and his companion McBride and a group which included Beam.
The People argue that the language of the felony assault statute does not exclude the use of an assault, even the same assault, as the underlying felony, and therefore the second count is properly within the ambit of prosecutorial discretion. I do not agree.
*1081 In People v La Marca (3 NY2d 452), the Court of Appeals considered a parallel question arising out of the felony murder statute. As then enacted (under former Penal Law § 1044 [2]) a homicide constituted felony murder if it was committed "by a person engaged in the commission of, or in an attempt to commit a felony”. Thus, the statute as written embraced any and all felonies, as does the subdivision under discussion. In La Marca, the court acknowledged that "[o]ne necessary qualification has been engrafted onto our felony murder rule and that is that the underlying felony must be independent of the homicide for, otherwise, every homicide, not justifiable or excusable, would occur in the commission of a felony— namely, the assault which ended in death — with the result that premeditation, deliberation and intent to kill would never have to be established to convict an accused of murder in the first degree * * * 'The felony that eliminates the quality of the intent must be one that is independent of the homicide and of the assault merged therein, as e.g., robbery or larceny or burglary or rape.’ (People v. Moran, [246 NY 100, 102])” (at pp 465-466). In embracing the same rationale, it seems necessary to judicially require here that the underlying felony must be independent of the assault which resulted in the serious physical injury.
A similar analysis was approved in People v Miller (32 NY2d 157, at pp 159-160): "Under [Penal Law of 1909 § 1044] any felony, including assault, could be the predicate for a felony murder. Since, a fortiori, every homicide, not excusable or justifiable, occurs during the commission of assault, every homicide would constitute a felony murder.” Obviously, an assault occurs during the commission of every assault. The merger doctrine created to cure the same defect in the prior felony murder statute must necessarily be imposed here for the same reason.
This court is cognizant of People v Fonseca (36 NY2d 133) and does not find it to require a different result. In Fonseca the defendant sought to have judicially imposed a requirement that the underlying felony be one requiring violent conduct. The court declined to do so, holding that the Legislature clearly intended the statute to apply to all felonious conduct, whether originally intended as violent or not. However, the case did not involve the doctrine of merger, and the decision there reached is not inconsistent with the holding here.
It appears clear that the Legislature intended to impose *1082 strict liability for injuries inflicted during the commission of or immediate flight from a felony. The reference to a "felony” must be qualified to require a felony independent of the assault leading to those injuries.[2] Since the underlying felony here alleged fails to satisfy this qualification, the second count of the indictment is dismissed.

. The third count, charging assault in the second degree, is not relevant to the issue presented.

. The same holds true for felony assault in the second degree, Penal Law § 120.05 (6).