■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC G. JOHNSON, Appellant. [673 NYS2d 765] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 28, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was charged in a three-count indictment with the crimes of robbery in the first degree, robbery in the second degree and murder in the second degree (felony murder). The victim, Jonathan Boylston, was a marihuana dealer who came to the Albany area to collect debts owed to him by various individuals to whom he had "fronted" marihuana to be paid for at a later date. On the evening of June 17, 1994, Boylston collected two debts totaling approximately $6,800 and then met with Timothy Foss to collect the latter's debt. Foss, aware that Boylston was carrying the money he had already collected from other dealers, brought Boylston to his apartment, telling him that his money was there. Defendant, who had never met or dealt with Boylston, was present in Foss' apartment. Foss went to the rear of his apartment, returned with a hammer and struck Boylston. In his written statement to the police, defendant stated that he blocked Boylston's escape and pushed him back into the apartment, and that Foss continued to hit Boylston with the hammer until he was no longer moving. Defendant further told the police that Foss removed money from Boylston's knapsack and gave him several hundred dollars. Boylston's body was removed from Foss' apartment and placed in a field, where it was not discovered until September 1994.

At approximately 5:30 A.M. on April 13, 1995, City of Albany Police telephoned defendant at home and asked to speak with him about the murder of Boylston; defendant agreed. Minutes later the police officers arrived at defendant's residence and transported him to the police station where, commencing at approximately 6:30 A.M., he gave a four-page written statement concerning the events of June 17, 1994. He told the police that Foss had told him he was going to bring Boylston back to the apartment and that the two could "rip him off". Defendant stated that he did not know that any weapon was going to be involved. At trial, defendant testified to a different version of events, claiming that his statement was inaccurate in several respects. He denied any advance knowledge of Foss' plan to steal money from Boylston or any participation therein. The essence of the People's proof at trial as to defendant's com-

plicity in these crimes consisted of his written statement to the police.*

The jury was instructed on the elements of robbery in the first degree and robbery in the second degree, as well as the elements of felony murder. The jury was further instructed that "when one person engages in robbery, another person is criminally liable for such robbery, when acting with the mental culpability required for the commission thereof, he * * * intentionally aids such person to engage in robbery". County Court denied a defense request to charge robbery in the third degree as a lesser included offense, finding that no reasonable view of the evidence supported the finding that defendant committed robbery in the third degree but did not commit the greater offense of robbery in the second degree or robbery in the first degree. After several notes requesting clarification of the elements of the crimes, particularly as to "intent", the jury returned a verdict acquitting defendant of the robbery counts and convicting him of felony murder. Defendant appeals.

Our review of the legal sufficiency of the evidence requires us to "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495). Applying this standard, we discern no valid line of reasoning by which a rational trier of fact could have concluded that defendant committed the crime of robbery in the third degree, or attempted robbery, but did not commit either the crime of robbery in the first or second degree.

The aggravating factors elevating robbery in the third degree to robbery in the first degree or second degree are the infliction of physical injury or the use of a weapon. Significantly, County Court refused defendant's request to charge robbery in the third degree, finding no reasonable view of the evidence to support such a charge. The evidence adduced at trial, if credited, established that defendant committed robbery in the first degree or robbery in the second degree, or, if not credited, that

---

* The People also offered evidence from Jason Dodge of a statement made by Foss (who was tried separately). Dodge testified that on an unspecified date prior to the crime, while in another room of Foss' apartment, he overheard Foss talking to defendant about a plan to rob Boylston: "[Foss] was talking about going down and breaking into [Boylston's] apartment and taking stuff * * * [Defendant] just sounded to agree. Like he didn't say much of anything."

he committed no crime at all (*see, People v Kelly*, 67 AD2d 1009; *People v Mitchell*, 64 AD2d 119). Charged as it was relative to accomplice liability, had the jury credited defendant's statement relative to his intent to participate in Foss' plan to steal from Boylston, a guilty verdict as to robbery in the first or second degree would have been rational. Conversely, the clear import of its acquittal on these counts is that it found either that no robbery occurred or that defendant neither intended to commit such crime nor participated therein. The only other possible conclusion to be drawn from the jury's verdict is one completely irreconcilable with the evidence, i.e., that while defendant intended to rob Boylston, neither he nor Foss caused physical injury to him or possessed a dangerous weapon.

While acknowledging that a charge of felony murder may be sustained where the underlying felony is not separately charged, is dismissed or withdrawn for legal insufficiency, or even where the jury acquits a defendant of the underlying felony, we note that the elements of the crime of felony murder, insofar as they require proof of the commission or attempted commission of the underlying felony, must be satisfied by the evidence. In *People v Berzups* (49 NY2d 417, 427) the Court of Appeals said that "in felony murder the underlying felony is not so much an element of the crime but instead functions as a replacement for the *mens rea* or intent necessary for common-law murder". Whether the underlying felony is characterized as an element of the crime of felony murder or the functional equivalent of the necessary mens rea of common-law murder, the fact remains that proof as to the underlying felony (or an attempt) must reside in the evidence and must be consistent with the balance of the jury's verdict. The felony murder count of this indictment charged defendant with causing the death of Boylston by striking him with a hammer "while committing [r]obbery". Accordingly, the jury was charged that to convict of felony murder it must find that defendant committed or attempted to commit the crime of robbery. Failing to reach such conclusion, the evidence of defendant's guilt was not established by sufficient evidence.

Moreover, the verdict is against the weight of the evidence "[i]f based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (*People v Bleakley, supra*, at 495, quoting *People ex rel. MacCracken v*

*Miller*, 291 NY 55, 62). Whereas acceptance by the jury of defendant's written statement would have supported a verdict of guilty as to either robbery in the first degree or robbery in the second degree, by its acquittal thereon the jury rejected the statement, leaving no other evidence upon which it could base the conclusion that defendant intended to, and did, participate in the robbery.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.

