*936 Appeal from a judgment of Supreme Court, Monroe County (Affront!, J.), entered April 30, 2002, convicting defendant after a jury trial of aggravated criminal contempt and assault in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of assault in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of aggravated criminal contempt (Penal Law § 215.52) and assault in the second degree (§ 120.05 [6]), arising from an incident in the complainant’s home. Defendant is the complainant’s former boyfriend, and his presence in the complainant’s home was in violation of an order of protection. He was sentenced as a persistent violent felony offender (see § 70.08) to a term of incarceration of 14 years to life on the assault in the second degree count (see § 70.02 [1] [c]). In addition, he was sentenced as a second felony offender to a term of incarceration of 31h to 7 years on the aggravated criminal contempt count, to run concurrently with the assault count.
We reject the contention of defendant that Supreme Court erred in permitting the prosecution to present evidence that he assaulted the complainant on three prior occasions. “The evidence was properly admitted ... as evidence of the defendant’s motive and intent in the commission of the charged crimes” (People v Lawrence, 297 AD2d 290, 291 [2002], lv denied 98 NY2d 769 [2002]). The further contention of defendant that the court’s limiting instruction was inadequate is not preserved for our review (see People v Williams, 50 NY2d 996 [1980]; People v Williams, 231 AD2d 868 [1996], lv denied 89 NY2d 868 [1996]), nor are his additional contentions regarding the dismissal of a sworn juror prior to deliberations (see People v Hopkins, 76 NY2d 872, 873 [1990]; People v Alexander, 282 AD2d 468, 469 [2001]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
In a pro se supplemental brief, defendant contends that ag *937 gravated criminal contempt may not serve as the predicate for his conviction of assault in the second degree under Penal Law § 120.05 (6). We agree. Although defendant’s contention is not preserved for our review (see CPL 470.05 [2]), we nevertheless exercise our discretion to review it as a matter of discretion in the interest of justice (see 470.15 [6] [a]).
Penal Law § 215.52 provides in relevant part that “[a] person is guilty of aggravated criminal contempt when in violation of a duly served order of protection ... he or she intentionally or recklessly causes physical injury ... to a person for whose protection such order was issued.” A person is guilty of assault in the second degree under Penal Law § 120.05 (6) when “[i]n the course of and in furtherance of the commission or attempted commission of a felony . . . he . . . causes physical injury to a person other than one of the participants.” We conclude that aggravated criminal contempt may not serve as the predicate for a conviction of assault in the second degree under Penal Law § 120.05 (6) because otherwise every aggravated criminal contempt would also constitute assault in the second degree under section 120.05 (6) (see People v Donahue, 130 Misc 2d 1080 [1986]; see also People v Miller, 32 NY2d 157, 159-160 [1973]; People v La Marca, 3 NY2d 452, 465-466 [1957], mot to amend remittitur granted 3 NY2d 933 [1957], rearg denied 3 NY2d 942 [1957], cert denied 355 US 920 [1958], rearg denied 4 NY2d 960 [1958]; People v Moran, 246 NY 100, 102-103 [1927]; People v Wagner, 245 NY 143, 148-149 [1927]). The purpose of the Legislature in enacting the crime of aggravated criminal contempt was “to elevate an intentional or reckless assault in the third degree . . . from a class A misdemeanor to a [class D] felony when it is committed in violation of an order of protection against a person for whose protection the order was issued” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.52, at 456; see Governor’s Mem approving L 1996, ch 353, 1996 McKinney’s Session Laws of NY, at 1891; Mem of NY Senate in Support, 1996 McKinney’s Session Laws of NY, at 2309-2310); the Legislature did not thereby intend to elevate such criminal conduct to a class D violent felony, as assault in the second degree is classified (see § 70.02 [1] [c]). We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment. The remaining contention of defendant in his pro se supplemental brief is not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). Present—Green, J.P, Wisner, Scudder, Gorski and Lawton, JJ.