■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v AMOS MALONE, Respondent-Appellant. [771 NYS2d 263]—

Kane, J. Appeals (1) from an order of the County Court of Tompkins County (Rowley, J.), entered September 18, 2002, which partially granted defendant's motion pursuant to CPL 330.30 to set aside the verdict, and (2) from a judgment of said court, rendered September 18, 2002, upon a verdict convicting defendant of the crimes of aggravated criminal contempt, criminal contempt in the first degree (two counts) and unlawful imprisonment in the second degree.

Defendant was arrested for trespassing on the property of his wife's cousin. Ithaca City Court adjourned that matter in contemplation of dismissal and issued a stay-away order of protection in favor of defendant's wife. While that order was in effect, defendant began living with his wife. One night, defendant attacked and severely beat her after she rebuffed his sexual advances. Defendant was indicted on charges of attempted rape in the first degree, aggravated criminal contempt, two counts of criminal contempt in the first degree, assault in the second degree, two counts of assault in the third degree and unlawful imprisonment. After trial, a jury acquitted defendant of the attempted rape charge but convicted him of aggravated criminal contempt, two counts of criminal contempt in the first degree, assault in the second degree and unlawful imprisonment. Defendant moved pursuant to CPL 330.30 to set aside the verdict. County Court granted the motion as to the assault conviction, but otherwise denied it. The court sentenced defendant to concurrent terms of 2$^{1}/_{3}$ to 7 years for aggravated criminal contempt, 1$^{1}/_{3}$ to 4 years for each count of criminal contempt in the first degree, and one year for unlawful imprisonment. The People appeal from the order partially granting defendant's CPL 330.30 motion. Defendant appeals from the judgment of conviction.

County Court properly set aside defendant's assault conviction. A person commits assault in the second degree when "[i]n the course of and in furtherance of the commission . . . of a felony . . . [that person] causes physical injury to a person other than one of the participants" (Penal Law § 120.05 [6]). The attempted rape charge cannot serve as the underlying felony because defendant was acquitted of that charge (*see People v Johnson*, 250 AD2d 1026, 1027-1028 [1998], *lv denied* 92 NY2d 899 [1998]). While defendant physically injured his wife "in the course of" his commission of the contempt felonies, he must also have engaged in assaultive behavior "in furtherance of" those felonies to constitute assault in the second degree.

We agree with the Fourth Department's recent pronouncement that "aggravated criminal contempt may not serve as the

predicate for a conviction of assault in the second degree under Penal Law § 120.05 (6) because otherwise every aggravated criminal contempt would also constitute assault in the second degree under section 120.05 (6)," a result not intended by the Legislature (*People v Huck*, 1 AD3d 935, 937 [2003]). Likewise, criminal contempt in the first degree may not serve as the predicate for a conviction of assault in the second degree. If a defendant were to cause physical injury "[i]n the course of and in furtherance of the commission" of criminal contempt in the first degree, that crime would then be elevated to aggravated criminal contempt and also constitute assault in the second degree, the result rejected in *Huck*. Accordingly, there was insufficient evidence before the jury to support the charge of assault in the second degree, requiring its dismissal.

Contrary to defendant's assertion, Ithaca City Court had jurisdiction over the misdemeanor charge of criminal trespass in the second degree (*see* CPL 10.10 [3] [c]; 10.30; Penal Law § 140.15) and defendant personally appeared in City Court on that charge; thus, the court had personal and subject matter jurisdiction. As a condition of the adjournment in contemplation of dismissal, City Court had the authority to issue an order of protection for a victim or "designated witness[ ]" to the crime (CPL 530.13 [1]). As defendant's wife was apparently a witness to the trespass, she was an appropriate subject of the order of protection. Although the court issued the order of protection under the family offense provision (*see* CPL 530.12), which was inapplicable to a trespass on the property of the wife's cousin, even an erroneous court order must be obeyed if the issuing court had jurisdiction over the matter and the order is not void on its face (*see Gardner v Carson*, 295 AD2d 709, 709-710 [2002]; *Evans v Board of Assessment of Town of Catskill*, 284 AD2d 753, 756 [2001]). Individuals are not free to disregard a court order they believe is misguided or mistaken (*see Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848 [1995], *lv denied* 87 NY2d 809 [1996]), but must instead move in the issuing court for modification or vacatur of the allegedly erroneous order. Defendant never attempted to vacate the order of protection, but instead apparently believed that it was valid and in effect. Thus, County Court properly denied defendant's motion to set aside the portions of the verdict convicting him of the contempt charges.

County Court erred in denying defendant's motion to set aside the portion of the verdict convicting him of unlawful imprisonment. That crime merged with the aggravated criminal contempt charge. "The merger doctrine is intended to preclude conviction

for kidnapping and related offenses based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without those acts and independent criminal responsibility may not be fairly attributed to them" (*People v Geaslen*, 54 NY2d 510, 516-517 [1981] [citation omitted]; *see People v Howard*, 305 AD2d 869, 871 [2003], *lv denied* 100 NY2d 583 [2003]). The question is whether the conduct underlying the charge of unlawful imprisonment is incidental and inseparable from the other charged crime (*see People v Howard, supra* at 871). Here, defendant's restraint of his wife was simply incidental to the aggravated criminal contempt by permitting him to continue causing her physical injury while an order of protection was in effect. Thus, the unlawful imprisonment charge merged with the aggravated criminal contempt charge and should have been dismissed (*see People v Cassidy*, 40 NY2d 763 [1976]; *People v Stoesser*, 92 AD2d 650 [1983]).

Finally, considering the brutal nature of defendant's crime and the injuries he inflicted on his wife, along with his initial attempts to blame her for the incident, the sentence was not harsh or excessive (*see People v Love*, 307 AD2d 528, 533 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Dockery*, 174 AD2d 432 [1991], *lv denied* 78 NY2d 1010 [1991]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law, by reversing defendant's conviction of the crime of unlawful imprisonment in the second degree; dismiss said count and vacate the sentence imposed thereon; and, as so modified, affirmed.