■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HARDEN, Appellant. [807 NYS2d 905]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered August 13, 2003. The judgment convicted defendant, upon a jury verdict, of aggravated criminal contempt, assault in the third degree and criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of aggravated criminal contempt (Penal Law § 215.52), assault in the third degree (§ 120.00 [1]) and criminal contempt in the second degree (§ 215.50 [3]), defendant contends that the judgment insofar as it convicted him of ag-

gravated criminal contempt and criminal contempt in the second degree must be reversed because the order of protection he allegedly violated was invalid. We reject that contention. Buffalo City Court issued a permanent order of protection against defendant and in favor of the victim and, because that permanent order replaced a temporary order, the court was required to "state on the record the reasons for issuing . . . an order of protection" (CPL 530.13 [4]). Contrary to defendant's contention, the court's failure to state the reasons for issuing the order does not affect the court's jurisdiction to issue the order and, further, does not render the order void on its face (*see generally People v Malone*, 3 AD3d 795, 797 [2004], *lv denied* 2 NY3d 763 [2004]). " '[A]n order of a court must be obeyed, no matter how erroneous it may be, so long as the court is possessed of jurisdiction and its order is not void on its face' " (*Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848 [1995], *lv denied* 87 NY2d 809 [1996]; *see Malone*, 3 AD3d at 797; *Sigmoil Resources v Vittorio Lecca Ducagini Duca Di Guevara Suardo Fabbri*, 228 AD2d 335, 336-337 [1996]; *see generally Ketchum v Edwards*, 153 NY 534, 538-539 [1897]).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation, but his "belated motion for a mistrial is insufficient to preserve that contention for our review" (*People v Jenkins*, 302 AD2d 978, 979 [2003], *lv denied* 100 NY2d 562 [2003]; *see People v Shabazz*, 289 AD2d 1059 [2001], *cert denied* 537 US 1165 [2003], *affd* 99 NY2d 634 [2003], *rearg denied* 100 NY2d 556 [2003]; *People v Madore*, 289 AD2d 986 [2001], *lv denied* 97 NY2d 757 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.