# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2016

Lyle W. Cayce
Clerk

ODIS LEE JACKSON,

Petitioner-Appellant

v.

DANIELS, U.S. Prison Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-395

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Odis Lee Jackson, federal prisoner # 15806-179, was convicted of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and possession with intent to distribute 50 grams or more of cocaine base. He was sentenced to life imprisonment and 10 years of supervised release. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40042

Relying on, *inter alia*, *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), Jackson contends that the district court misapplied *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001), as the savings clause of 28 U.S.C. § 2255 permits challenges to erroneously applied statutory mandatory minimum sentences. The district court determined that Jackson had not met the criteria for proceeding under the savings clause which allows a federal prisoner to attack the legality of his conviction in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." § 2255(e).

We review a district court's dismissal of a § 2241 petition de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A prisoner seeking to establish that his § 2255 remedy is inadequate or ineffective must make a claim (1) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

We are not persuaded by Jackson's contention that the savings clause permits sentencing challenges. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). As neither *Descamps,* 133 S. Ct. at 2278-95, nor *Moncrieffe*, 133 S. Ct. at 1680-94, has any effect on whether Jackson was convicted of nonexistent federal drug offenses, these decisions do not demonstrate that § 2255 is inadequate or ineffective. *See Garland*, 615 F.3d at 394. Jackson also relies on *United States v. Sanchez-Espinal*, 762 F.3d 425 (5th Cir. 2014), but that is not a Supreme Court decision, so it cannot satisfy the first prong of the *Reyes-Requena* test. *See Reyes-Requena*, 243 F.3d at 904. Finally, even though

No. 15-40042

Jackson advanced a claim based on *Alleyne v. United States,* 133 S. Ct. 2151 (2013) in the district court, he has not briefed a contention based on *Alleyne* on appeal and has therefore abandoned this claim. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.