# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20681

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

GABINO MEDINA OSORIO, also known as Gabino Medina, also known as Gambino Medina, also known as Gabino Osorie Medina, also known as Gabino Osorio Medina,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-79-1

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Gabino Medina Osorio pled guilty to illegal reentry after a prior removal. The district court determined that his 1994 aggravated assault conviction was for a "crime of violence" under 18 U.S.C. § 16(b). On appeal, Medina Osorio argues that Section 16(b) is unconstitutionally vague and that his aggravated assault conviction is not a crime of violence under Section 16(b). Though the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20681

Supreme Court recently agreed Section 16(b) was too vague insofar as it required deportation, this court even more recently has held that Section 16(b)'s vagueness does not affect its use under the discretionary Sentencing Guidelines. We reform the judgment in one respect and AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2011, police in Houston, Texas, arrested Gabino Medina Osorio. He admitted to being a citizen of Mexico illegally in the United States after being previously removed, thereby violating 8 U.S.C. § 1326. He pled guilty without a plea agreement to a violation of 8 U.S.C. § 1326(a) and (b)(2).

The pre-sentencing report ("PSR") applied the 2015 United States Sentencing Guidelines. Medina Osorio's Section 1326 conviction received a base offense level of eight pursuant to Guidelines Section 2L1.2. The PSR also recommended an enhancement for his 1994 conviction for aggravated assault under Texas Penal Code § 22.02(a). The final PSR determined that the 1994 conviction was a crime of violence under 18 U.S.C. § 16, which meant that it was an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(f) and Guidelines Section 2L1.2(b)(1)(C), warranting an eight-level enhancement. Medina Osorio objected to this categorization. Medina Osorio's criminal history put him in Category IV. Taking into account his base level of eight, an eight-level enhancement, and a three-level reduction for acceptance of responsibility, his advisory Guidelines range was 24–30 months.

At the sentencing hearing in the United States District Court for the Southern District of Texas, Medina Osorio argued that his 1994 conviction for aggravated assault did not warrant an eight-level enhancement. The district court disagreed, concluding the offense was a crime of violence under Section 16(b) and thus an aggravated felony. The Government requested an upward

No. 16-20681

variance. The district court agreed and imposed a sentence of 71 months. Medina Osorio timely appealed.

DISCUSSION

Medina Osorio challenges his eight-level sentencing enhancement. The relevant enhancement in Section 2L1.2(b)(1)(C) provides for an increase of eight levels if the predicate offense is an aggravated felony under 8 U.S.C. § 1101(a)(43). Aggravated felonies include "crimes of violence," defined as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Medina Osorio argues first that Section 16(b) as incorporated into the Guidelines is unconstitutionally vague. He also argues that even if we disagree with him on vagueness, his 1994 conviction did not satisfy the definition of Section 16(b), so it did not warrant the enhancement. Last, he argues that even if resentencing is not warranted, his judgment should be corrected because Section 16(b) as incorporated into Section 1326(b)(2) is unconstitutionally vague.

I.    *Constitutional vagueness of Section 16(b)*

To challenge his eight-level enhancement, Medina Osorio renews the argument first made at sentencing that Section 16(b) is unconstitutionally vague. Because Section 16(b) is unconstitutionally vague, Medina Osorio continues, the district court erred in using that definition to hold that his 1994 conviction was an aggravated felony under Section 1101(a)(43)(F), which is

what warranted the eight-level enhancement under Guidelines Section 2L1.2(b)(1)(C). In the district court, the Government cited authority that Section 16(b) was not vague. Since its original brief on appeal, the Government has also argued that the Guidelines are not subject to vagueness challenges.

Uncertainties at the time of sentencing have largely been eliminated. The Supreme Court has held that Section 16(b) as incorporated in the removal provisions of the Immigration and Nationality Act is unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). That Court had also held that the Guidelines themselves are not subject to a vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). The *Beckles* Court emphasized an important distinction between Guidelines and vague statutes: because the Guidelines simply guide the discretion of the sentencing court as it chooses an appropriate sentence, they do not present the due process concerns of lack of notice to those who might break the law. *Id.* at 892.

The final question is how *Dimaya* and *Beckles* are to be read together. Yet again, we have a resolution of that issue. Another panel of the court held that because *Beckles* determined that the Guidelines are not subject to vagueness challenges, neither is the language of a statute that is incorporated by reference into the Guidelines. *United States v. Godoy*, 17-10838, 2018 WL 2207909, at *5 (5th Cir. May 14, 2018). Even after *Dimaya*, then, the language of Section 16(b) is as usable as a definition for the Guidelines as it would have been had the language been, figuratively, cut and pasted into them. *Id.* at *7. We thus reject Medina Osorio's vagueness argument.

## II.   *The 1994 conviction as a crime of violence*

Medina Osorio argues that even if Section 16(b) is still relevant under the Guidelines, the eight-level enhancement contained in Guidelines Section 2L1.2(b)(1)(C) should not have been applied because his conviction did not

satisfy the requirements of Section 16(b)'s definition.  The Government bears the burden of proving by a preponderance of the evidence that the conviction qualifies for an enhancement.  *See United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997).   This court reviews the district court's determination of whether a conviction is a predicate offense *de novo.  United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

To determine if a conviction is a predicate offense under the Guidelines, this court applies the categorical approach, looking at the elements of the prior state law offense rather than facts specific to the conviction.  *See United States v. Conde-Castaneda*, 753 F.3d 172, 175 (5th Cir. 2014) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)).  If a statute is divisible, meaning that it includes alternative elements, a modified categorical approach is applied.  *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016).

Elements are components of the offense's legal definition that require jury unanimity.  *Id.* at 2248.  These are to be distinguished from means, which are the various factual bases for committing an offense.  *Id.* at 2249.  If a statute is divisible, then under the modified categorical approach, a court determines which elements applied to the defendant's conviction by examining the charging instrument, plea agreement, or plea colloquy.  *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).  If a particular statute is not divisible, then the court determines "whether the least culpable act constituting a violation of that statute constitutes" a predicate offense.  *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (quoting *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 315–16 (5th Cir. 2007)).

Both parties agree that Medina Osorio's 1994 aggravated assault conviction requires examining two Texas statutes, one for the base offense of simple assault and another for the aggravating factors.

Under Texas law, an assault occurs when a person

5

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the conduct as offensive or provocative.

TEX. PENAL CODE § 22.01(a) (West 1993).

An assault is aggravated when a person

(1) causes serious bodily injury to another, including the person's spouse;

(2) threatens with a deadly weapon or threatens to cause bodily injury [to specified employees, including peace officers], when the person knows or has been informed the person assaulted is [one of the specified public employees]:

(A) while the [specified public employee] is lawfully discharging an official duty; or

(B) in retaliation for or on account of an exercise of official power or performance of an official duty as a [specified public employee]; or

(3) causes bodily injury to a participant in a court proceeding when the person knows or has been informed the person assaulted is a participant in a court proceeding:

(A) while the injured person is lawfully discharging an official duty; or

(B) in retaliation for or on account of the injured person's having exercised an official power or performed an official duty as a participant in a court proceeding; or

(4) uses a deadly weapon.

*Id.* § 22.02(a).

The parties agree that Section 22.01 contains three different offenses for simple assault. Applying the modified-categorical approach, the parties also agree that Medina Osorio was previously convicted of bodily-injury assault under Section 22.01(a)(1) with an additional aggravating factor under Section 22.02. Because the parties agree that the statute containing the aggravating

factors is indivisible, the case turns on whether the least culpable conduct constituting an offense under the statute is a crime of violence under Section 16(b).  The parties agree that the least culpable offense is recklessly causing bodily injury to a peace officer.

The district court concluded that Medina Osorio's 1994 aggravated assault conviction was a crime of violence under Section 16(b).  Because his conviction was for a crime of violence, which is an aggravated felony under Section 1101(a)(43)(F), it applied the eight-level enhancement in Guidelines Section 2L1.2(b)(1)(C).  Medina Osorio challenges this determination, and the Government maintains that the conviction is for a crime of violence either under Section 16(b) or at least under Section 16(a).

Under Section 16(b), a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is a crime of violence.  18 U.S.C. § 16(b).  The requisite force under Section 16 is "destructive or violent force." *United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006) (citation omitted).  The risk of the use of force does not have to occur in every offense. *United States v. Galvan-Rodriguez*, 169 F.3d 217, 219 (5th Cir. 1999). Rather, the analysis asks whether there is "a strong probability" that the application of physical force will occur during the commission of the particular crime. *Id.*  The strong probability or "[t]he 'substantial risk' in § 16(b) relates to the use of force, not to the possible effect of a person's conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 10 n.7 (2004).

Medina Osorio argues that the bodily-injury assault on a peace officer in Texas can be committed through the reckless, indirect causation of injury and thus without the use of the violent or destructive physical force that Section 16(b) requires.  The Government responds that though reckless assault on a peace officer may be committed without violence, the nature of confronting a

peace officer makes the risk of the use of physical force more likely. The Government cites several Texas aggravated assault cases in which a confrontation with a peace officer involved the defendant's use of physical force.

In resolving the issue, we first note that recklessness is a sufficient mens rea for a crime of violence under Section 16. *United States v. Sanchez-Espinal*, 762 F.3d 425, 431 (5th Cir. 2014). Similarly, hypotheticals about ways that bodily-injury assault may be committed without force are not dispositive. "Being able to imagine unusual ways the crime could be committed without the use of physical force does not prevent it from qualifying as a crime of violence under § 16(b)." *Perez-Munoz v. Keisler*, 507 F.3d 357, 364 (5th Cir. 2007) *abrogated on other grounds by Mathis*, 136 S. Ct. at 2243. Instead, this court looks to the context of the specific offense at issue to determine whether it involves a "strong probability" of the use of physical force. *Sanchez-Espinal*, 762 F.3d at 431.

In *Sanchez-Espinal*, we determined whether a conviction for aggravated criminal contempt qualified as a crime of violence under Section 16(b). *Id.* at 430. The statute of conviction made it a crime to "cause physical injury to a victim for whose benefit an order of protection ha[d] been previously issued against the defendant." *Id.* at 431. We held that the offense was a crime of violence under Section 16(b). *Id.* In making this determination, we considered the context for the offense. *Id.* These protective orders were often issued in domestic violence or family offense cases in which tension in the relationship between the victim and the defendant already existed. *Id.* Further, a defendant committing this offense would be knowingly violating the court's order. *Id.* at 431–32. "These elements — a discordant history between the victim and the defendant leading to a court order of protection, which the

8

defendant knowingly violates" — supported finding that the offense, "by its nature, entails a high probability that physical force will be used." *Id.* at 432.

We also held that the same was true for convictions for "'intentionally, knowingly, or recklessly caus[ing] bodily injury to another,' committed against a household or family member, or person in a dating relationship with the defendant." *United States v. Gonzalez-Longoria*, 831 F.3d 670, 678 (5th Cir. 2016) (en banc) (citation omitted), *cert. denied*, No. 16-6259, 2018 WL 2186220 (U.S. May 14, 2018), *abrogated in part by Dimaya*, 138 S. Ct. at 1223. Our en banc decision, released before the Supreme Court in *Beckles* held that the Guidelines were not subject to vagueness challenges, remains relevant to applying the Guidelines. We held that the offense, like the one in *Sanchez-Espinal*, involved "a substantial risk that, in the course of its commission, force will be used against another." *Id.* at 678.

As to assaults on peace officers, an assailant must know that the target is a peace officer, and the peace officer must be "lawfully discharging an official duty." TEX. PENAL CODE § 22.02(a)(2). This, like the offense in *Sanchez-Espinal*, requires the defendant to flout the officer's authority and necessarily involves a risk of a violent confrontation with the officer.

Medina Osorio identifies several cases arising under this provision where the use of requisite force allegedly was not present.[1] These cases do not compel a contrary conclusion. For example, he discusses an instance of bodily-injury assault on a peace officer where the defendant kicked the rear window of a police cruiser, which later shattered and injured the police officer standing in front of it. *Riley v. State*, No. 03-10-00229-CR, 2011 WL 5335387, at *1, *5

---

[1] In addition to these three cases, Medina Osorio cited *Seaton v. Texas*, 385 S.W.3d 85 (Tex. App.—San Antonio 2012, pet. ref'd). There, though, the aggravating factor was for an assault committed "by a public servant acting under color of the servant's office or employment." *Id.* at 88 (quoting TEX. PENAL CODE ANN. § 22.02(b)(2)(A)). Our focus here is on assault on a peace officer, not assault by a peace officer.

(Tex. App.—Austin Nov. 4, 2011, pet. ref'd) (mem. op., not designated for publication). There, though, it appeared that the use of force (the kicking of the window) was intentional, while the resulting injury to the police officer was only reckless. *Id.* at *4–5. As the Supreme Court in *Leocal* made clear, the focus is on the use of force and not its effect. 543 U.S. at 10 n.7.

Medina Osorio also cites a case where the defendant was convicted for assault on a peace officer after kicking the door of a police car, causing the police officer, who was responding to the 911 call, to fall and injure his elbow. *Rodriguez v. State*, No. 13-10-406-CR, 2011 WL 345934, at *1, *4 (Tex. App.— Corpus Christi Feb. 3, 2011, pet. ref'd, untimely filed) (mem. op., not designated for publication). Similarly, there it seems the kick was intentional, as it was accompanied by a statement from the defendant that "he was not going to jail." *Id.* at *1.

In one final case, the defendant was convicted of assault because his jerking away from the officer caused the officer to fall. *Caldwell v. State*, No. 05-04-01243-CR, 2005 WL 1667555, at *2 (Tex. App.—Dallas July 18, 2005, no pet.) (not designated for publication). The officer was responding to a domestic disturbance call. *Id.* at *1. When the officer attempted to make the arrest, the defendant struggled with the officer, causing the fall that injured the officer. *Id.* at *2. Admittedly, this conduct may not reach the level of "destructive or violent force" required by Section 16(b). *See United States v. Herrera-Alvarez,* 753 F.3d 132, 141 (5th Cir. 2014). Section 16(b), though, does not require the use of force in every instance of the offense. *See Galvan-Rodriguez,* 169 F.3d at 219. Instead, we examine the offense to determine if there is a strong probability of the use of force. *Id.* Notably, in each of these instances, the victim's role as a police officer contributed in some way to the escalation that ultimately resulted in the injury.

10

No. 16-20681

Considering the context of a bodily-injury assault on a police officer, we conclude that the offense involves a substantial risk of the use of physical force and is thus a crime of violence under Section 16(b).  As a result, the district court did not err in sentencing Medina Osorio to 71 months.

III.    *Correction of the judgment*

Medina Osorio also argues that Section 16(b) is unconstitutionally vague as it is incorporated into Section 1326(b)(2).  Even if resentencing is not warranted, he argues that the judgment should be corrected to reflect the appropriate statute.  The district court's conclusion that Medina Osorio had previously been convicted of a Section 16 crime of violence meant that he was subject to the twenty-year statutory maximum contained in Section 1326(b)(2) as opposed to the ten-year maximum contained in Section 1326(b)(1).

We held in *Godoy* "that *Dimaya* very clearly speaks to situations where a sentencing maximum or minimum is statutorily fixed."  2018 WL 2207909, at *8.  As a result, a Section 16(b) offense may not be used as the basis of a Section 1326(b)(2) conviction.  *Id.* at *9.

The Government has an alternative argument, namely, that Medina Osorio's conviction is a crime of violence under Section 16(a) because the use of force is an element of the offense.  The Government concedes that we have previously held that the use of force is not an element of the underlying assault offense.  *See Villegas-Hernandez*, 468 F.3d at 879.  The Government asserts that this decision was abrogated by the Supreme Court.  *See Voisine v. United States*, 136 S. Ct. 2272, 2279 (2016); *United States v. Castleman*, 134 S. Ct. 1405, 1412 (2014).  The Government's abrogation argument also is foreclosed. *United States v. Rico-Mejia*, 859 F.3d 318, 322–23 (5th Cir. 2017).

Medina Osorio's 1994 conviction is not a crime of violence under Section 16(a).  In *Godoy*, we reformed the judgment to indicate that Godoy was

11

sentenced under Section 1326(b)(1).  We do the same now.  As was the case in *Godoy*, and as the parties concede here, this conclusion requires only that the judgment be corrected.  A remand for resentencing is not necessary.

We AFFIRM the judgment as REFORMED.